DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVATAR PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**CECILIA CASTILLO** and **JORGE GUILLEN,**
Appellees.

No. 4D18-3154

[April 22, 2020]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 2017CA003554XXXXMB AH.

Carol M. Rooney of Butler Weihmuller Katz Craig LLP, Tampa, for appellant.

John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, and Warren Diener and Jesse R. Feldman of The Diener Firm, P.A., Plantation, for appellees.

GERBER, J.

The primary issue arising in this appeal is whether the insureds' policy requires them to produce for examinations under oath (EUOs) the handyman and water restoration employees who performed the home repairs for which the insureds are seeking coverage under the policy. The circuit court concluded the policy did not require the insureds to produce the handyman or water restoration employees for EUOs because those persons were not the insureds' "agents" or "representatives" as those terms are used in the policy. We agree with the circuit court's conclusion. Thus, we affirm on that issue. On the other issues raised in the appeal and cross-appeal, we affirm without further discussion.

### ***Procedural History***

A pipe leak caused water damage to the insureds' home. The insureds hired a handyman to repair the pipe, and a water restoration company to

dry out their home.  The insureds submitted a sworn proof of loss with the repair invoices to the insurer, and requested coverage for the claim.

The insurer requested the insureds to produce themselves, the handyman, and the water restoration company's employees for EUOs pursuant to the policy, which provides, in pertinent part:

> **2. Your Duties After Loss.**  In case of a loss to covered property, you must see that all of the following are done:
>
> . . .
>
> i.  In the County where the "residence premises" is located *you, your agents, your representatives*, including any public adjuster engaged on your behalf, and any and all "insureds" must submit to [EUOs] and sign same when requested by us.

(emphasis added).

After the parties' attorneys exchanged correspondence regarding whether the policy required the insureds to produce the handyman and water restoration employees for EUOs, the insureds filed a petition for declaratory relief.  The insureds argued the policy did not require them to produce the handyman or the water restoration employees for EUOs because those persons were not their "agents" or "representatives" as those terms were used in the policy.  The insureds later filed a motion for final declaratory judgment to that effect.

The insurer then filed its own motion for final declaratory judgment.  The insurer argued the policy required the insureds to produce their "agents" and "representatives," which included the handyman and the water restoration employees.

The circuit court held a hearing on the motions.  The circuit court understood the facts to be undisputed, thus allowing it to decide the motions as a matter of law.  The circuit court issued a final judgment concluding:

> 6.   The [insurance] policy only requires the [insureds] and their "agents and representatives or public adjuster" to submit to [EUOs].  The policy does not define the terms "agent" or "representative."   Nevertheless, just because an insurance policy does not define a term does not make the insurance

2

policy ambiguous. Cheetham v. S. Oak Ins. Co., 114 So. 3d 257, 263 (Fla. 3d DCA 2013) (holding that the mere failure to provide a definition for a term within an insurance policy does not render the term ambiguous).

7. Black's Law Dictionary defines an "agent" as "[o]ne who is authorized to act for or in place of another; a representative." Black's Law Dictionary (10th ed. 2014). According to Black's Law Dictionary, the terms "agent" and "representative" have the same meaning.

8. Individuals retained by the [homeowner] to furnish estimates of the damage (such as a general contractor or handyman), or a company retained by the policyholder to mitigate damages (such as a water mitigation company), do not fit within the definition of [the insureds'] agent, representative, or public adjuster. If the [insurer] wanted to require the [insureds] to produce such individuals or "all other [persons whom the insureds] would rely upon to support their claim" it would have been "a simple matter" to include such a requirement in the policy. *See* Nawaz v. Universal Property & Cas. Ins. Co., 91 So. 3d 187, 189 (Fla. 4th DCA 2012) ("[I]n the present case, it would have been a 'simple matter' for [the insurance company] to have written a restriction into the policy limiting those who could be present for the [EUO].").

The insurer's appeal followed. The insurer argues the policy required the insureds to produce the handyman and the water restoration employees as their "agents" and "representatives" for EUOs. The insureds respond the policy did not require them to produce the handyman or the water restoration employees for EUOs because those persons were not their "agents" or "representatives" as those terms were used in the policy.

### ***Our Review***

As the appeal depends upon our interpretation of the policy, our review is de novo. *See Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, 232 So. 3d 273, 276 (Fla. 2017) ("Insurance policy interpretation . . . is a question of law, subject to de novo review.") (citation, brackets, and internal quotation marks omitted).

Our supreme court recently summarized the law regarding insurance policy interpretation:

Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written. . . .

When interpreting insurance contracts, we may consult references commonly relied upon to supply the accepted meanings of words. Moreover, when analyzing an insurance contract, it is necessary to examine the contract in its context and as a whole, and to avoid simply concentrating on certain limited provisions to the exclusion of the totality of others. This Court has consistently held that in construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.

*Allstate Ins. Co. v. Orthopedic Specialists*, 212 So. 3d 973, 975-76 (Fla. 2017) (internal citations, quotation marks, and brackets omitted).

The policy does not define "agents" or "representatives." Therefore, "we may consult references commonly relied upon to supply the accepted meanings of words." *Id.* at 976. Black's Law Dictionary defines "agent" as "Someone who is authorized to act for or in place of another; a representative," *Agent*, Black's Law Dictionary (11th ed. 2019), and defines "representative" as "Someone who stands for or acts on behalf of another." *Representative*, Black's Law Dictionary (11th ed. 2019).

Applying those definitions to the undisputed facts here, the insureds' handyman and the water restoration employees were not their "agents" or "representatives" under the policy. Nothing in the record indicates the handyman or the water restoration employees were "authorized to act for or in place of" the insureds, or "[stood] for or act[ed] on behalf of" the insureds. Instead, the record indicates the handyman and the water restoration employees simply performed repairs to the insureds' home. Thus, the policy did not require the insureds to produce the handyman or the water restoration employees for EUOs.

Our decision in *Nawaz v. Universal Property Casualty Insurance Co.,* 91 So. 3d 187 (Fla. 4th DCA 2012), is instructive. In *Nawaz*, the insurer scheduled the insured for an EUO. *Id.* at 188. The policy required the insured to "[s]ubmit to examination under oath, *while not in the presence of any other 'insured,'* and sign the same. . . ." *Id.* (emphasis added). The policy defined "insured" as "you and residents of your household who are . . . [y]our relatives; or . . . [o]ther persons under the age of 21 and in the

4

care of any person named above." *Id.* However, the insured appeared at the EUO with his public adjuster. *Id.* The insurer requested the public adjuster to leave the room before the EUO occurred. *Id.* The insured refused to instruct the public adjuster to leave the EUO, so the insurer suspended the EUO. *Id.* As a result, the insurer filed a complaint for declaratory relief, claiming the insured violated the policy by bringing the public adjuster to the EUO. *Id.* The insured filed a counterclaim for declaratory relief arguing no violation occurred. *Id.*

After the circuit court ruled in the insurer's favor, we reversed, reasoning:

> We find that the plain language of the contract would allow [the insurer] to exclude only another insured from the [EUO]. . . . Clearly the public adjuster does not fit into the plain language of the definition of "insured."
>
> Further, to the extent that the policy is considered uncertain, we are compelled to construe the interpretation against the insurer. [The insurer], as the drafter of the contract, could have easily included language that would have excluded the public adjuster from the [EUO]. Instead, the policy delineated only the "insured" as being excluded from the [EUO].

*Id.* at 188-89 (internal citations and footnotes omitted).

Similarly here, the handyman and the water restoration employees were not the insureds' "agents" or "representatives" under the dictionary definitions of those terms. Further, to the extent the policy here is considered uncertain, we are compelled to construe the interpretation against the insurer. *Cf. Wash. Nat'l Ins. Corp. v. Ruderman*, 117 So. 3d 943, 949-50 (Fla. 2013) ("[W]here the provisions of an insurance policy are at issue, any ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor of [the insured] and strictly against the insurer."). The insurer, as the policy's drafter, easily could have added language including "any persons who inspected or repaired the covered property." For us to do so now would re-write the policy.

Based on the foregoing, we conclude the circuit court correctly held the policy does not require the insureds to produce the handyman and the water restoration employees for EUOs. Thus, we affirm on that issue. On

the other issues raised in the appeal and cross-appeal, we affirm without further discussion.

*Affirmed.*

MAY and CIKLIN, JJ., concur.

*            *            *

***Not final until disposition of timely filed motion for rehearing.***